IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUWAN MITCHELL, | : |
|     Plaintiff | : |
|         v. | : Case No. 3:23-cv-141-KAP |
| C. O. SHOPE, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

    Plaintiff Mitchell is a transgender female in the custody of the Pennsylvania Department of Corrections, serving a 5-10 year sentence imposed in February 2021 after Mitchell pleaded guilty to rape of a child and other offenses. In October 2021, while Mitchell was at S.C.I. Somerset, she filed a complaint in the Middle District of Pennsylvania against an inmate named Bernard Hill and two corrections officers at S.C.I. Somerset named Soven and Shope, alleging that on August 24, 2021, Hill raped her. No concrete allegations were made as to the corrections officers; it appears their liability was based on having placed Mitchell in a cell (cell H-B 9 in the RHU) with Hill. The Middle District transferred the matter here. *See* <u>Mitchell v. Hill</u>, Case No. 3:21-cv-189-KAP (W.D.Pa.). The matter was administratively closed until Mitchell provided an inmate account statement, and subsequently abandoned. *See also* <u>Mitchell v. Benner</u>, Case No. 2:21-cv-943-MJH-MPK (W.D.Pa.)(habeas petition dismissed for failure to prosecute); <u>Mitchell v. Stepman</u>, Case No. 2:21-cv-942-MJH-MPK (W.D.Pa.)(complaint dismissed for failure to prosecute). Six more cases Mitchell began in this district at about the same time were transferred to the Middle District and there dismissed for failure to prosecute.

    In June 2023 Mitchell, now at S.C.I. Mahanoy, filed the complaint in this matter against three corrections officers at Somerset, defendants Shope, Styvesant, and Misheller. The allegations of this complaint as to time of day and location are similar to those in the earlier complaint but the date of the rape is alleged to have been August 21, 2021. The liability of the defendants is based on the allegation that they were the ones who escorted her to cell H-B 9 in the RHU, and who placed Mitchell in the cell with an unnamed male inmate despite Mitchell telling the defendants that she was transgender and despite an alleged PADOC policy that declared transgender inmates to be at high risk of being raped and directed that she was not to be placed in a cell with another inmate unless that inmate was also transgender. According to Mitchell the defendants, upon being told, should have verified her status and acted in accordance with department policy. Instead they told Mitchell they did not care about her classification and threatened additional disciplinary sanctions if she did not enter the cell. Complaint at ¶¶9-11. In the legal claims section of the complaint Mitchell states that defendants "not only knew but

1

planned for plaintiff to be raped." Complaint at ¶ 17.

As in the earlier complaint, Mitchell alleges her cellmate raped her. Mitchell reported it and was taken for examination and collection of forensic evidence, then "for some strange reason," Complaint at ¶ 14, placed back in the same cell with the same inmate. She remained there for two more days with no further attacks alleged, but defendants allegedly taunted Mitchell during this time that the reason she was placed in the cell was to be raped.

Upon service, the defendants filed a motion to dismiss for failure to state a claim. ECF no. 16. Despite an order to the plaintiff to file a response on or before May 28, 2024, Mitchell neither responded nor timely amended the complaint as she could have done of right in accordance with Fed.R.Civ.P 15. Under the same standards employed by Judge Horan in dismissing Mitchell's filings in this district and by Judge Rambo in dismissing Mitchell's filings in the Middle District I could dismiss the complaint for failure to prosecute. *See* Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984); Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir.2019).

Because plaintiff is an inmate and the defendants are governmental entities or employees, in addition to the motion to dismiss under Fed.R.Civ.P. 12(b)(6), the complaint is subject to screening under the same standard in accordance with the Prison Litigation Reform Act as codified at 28 U.S.C.§ 1915A, which commands that:

> (a)  Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b)  Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

This parallels the PLRA's requirements for litigants proceeding *in forma pauperis*, at 28 U.S.C.§ 1915(e)(2):

> (2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

Fed.R.Civ.P. 8 requires any complaint to be a short and plain statement containing sufficient factual matter that if accepted as true would state a legal claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the Supreme Court's words, plaintiff must allege enough facts in the complaint to "nudge" a claim "across the line from conceivable to plausible." Id., 556 U.S. at 683, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must in a nonconclusory way allege facts that permit the inference that each defendant he names caused the harm he alleges. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005); Chavarriaga v. New Jersey Department of Corrections, 806 F.3d 210, 222 (3d Cir. 2015).

Corrections officers have a duty to protect inmates from assaults by other inmates and defendants would be liable for injuries caused to Mitchell by a third-party assault if they were "deliberately indifferent" to her safety. That mental state requires allegations as to each defendant that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994)(my alterations). Mitchell does not allege anything that indicated the unnamed inmate who allegedly raped Mitchell was a particular danger or was known by the defendants to be a particular danger, or that defendants knew that Mitchell was particularly vulnerable if placed in a double cell. Mitchell describes the defendants' actions as a failure to verify her status, that is, a negligent failure to do what they ought to have done. That is not deliberate indifference. The allegations of post-assault verbal abuse, deplorable though they are, do not amount to a violation of Mitchell's rights.

The conclusory claim that defendants planned the assault can be disregarded. See Ashcroft v. Iqbal, supra, 556 U.S. at 686: "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." It is implausible in the absence of supporting allegations to infer that three corrections officers (two of them line officers and the third a sergeant) and not a supervisory officer such as a unit manager were responsible for making cell assignments for plaintiff Mitchell, who was sentenced in February 2021 and relatively newly arrived from Camp Hill. Their role in escorting Mitchell to the RHU and disregarding her protests that she did not want a cellmate does not impose liability on them.

The Court of Appeals directs district courts to allow plaintiffs in civil rights cases to amend inadequate complaints unless amendment is "futile" or "inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002). With two exceptions "federal courts treat *pro se* litigants the same as any other litigant." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). Those exceptions are liberal construction of

pleadings – which does not relieve *pro se* plaintiffs from alleging sufficient facts in their complaints – *id.*, 704 F.3d at 245, and giving notice to *pro se* inmate litigants when a motion to dismiss will be treated as a summary judgment motion. *Id.* Only the first point is relevant here.

Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using common sense, not supplying what plaintiff has not alleged or imagining that unpleaded facts exist that only need hints from the court to be included in an amended complaint. As the Supreme Court directed in <u>Ashcroft v. Iqbal</u>, *supra*, 556 U.S. at 679:

> Determining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

(cleaned up). Common sense says the defendants should not be faced with the costs of defending successive versions of a complaint.  It is never equitable to allow amendment *sua sponte* when the defendants have to bear the expense of a motion to dismiss and the plaintiff neither amends the complaint nor responds to the motion. Given plaintiff's lack of prosecution in this case, the record of lack of prosecution in plaintiff's many other cases, and the time plaintiff had to assemble adequate allegations in this case, leave to amend further is denied as inequitable.

The motion to dismiss at ECF no. 16 is granted. The complaint is dismissed for failure to state a claim. The Clerk shall mark this matter closed.

DATE:  July 9, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Juwan Mitchell QJ-0036
S.C.I. Mahanoy
301 Grey Line Drive
Frackville, PA 17931